UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC LEE VANZANT,

    Plaintiff,                                  Hon. Robert J. Jonker

v.                                            Case No. 1:25-cv-206

PAUL C. MCDONAGH, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

      Plaintiff initiated this action pursuant to 42 U.S.C. § 1983 against Defendant Paul C. McDonagh. (ECF No. 1).  Although Plaintiff paid the filing fee in this action, the undersigned has reviewed the complaint pursuant to *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999).  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this action be dismissed.

## BACKGROUND

      Plaintiff alleges that Defendant agreed to be his criminal defense attorney for his state criminal trial for $15,000.00.  Plaintiff further alleges that after he gave Defendant a cashier's check for the amount, Defendant said he could not represent Plaintiff at trial and that Plaintiff "didn't have a chance." (ECF No. 1 at PageID.4).  Based on these events, Plaintiff alleges that Defendant violated Plaintiff's rights under the Fifth, Sixth, and Fourteenth Amendments.  Plaintiff seeks "punitive

damages of $15,000.00" and asks the Court to revoke or suspend Defendant's law license. (Id. at PageID.5).

## ANALYSIS

The Sixth Circuit has held that "a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." *Apple,* 183 F.3d at 478. *see also Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).  However, the court identified an exception— a district court may dismiss a complaint "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 478 (citing *Hogans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

Plaintiff brings this action under 42 U.S.C. § 1983.  To state a cause of action under Section 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law.  *Flagg Bros. v. Brooks,* 436 U.S. 149, 155-57 (1978).  Here, Plaintiff has failed to allege any fact suggesting that Defendant was acting under color of state law.  Defendant was Plaintiff's privately retained attorney for at least a portion of Plaintiff's state criminal matter. "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *See Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981).  The Sixth Circuit has previously affirmed the dismissal of a

Section 1983 claim for lack of subject matter jurisdiction under *Apple* because the lawyer-defendant was not a state actor.  *Hassink v. Mottl*, 47 F. App'x 753, 755 (6th Cir. 2002); *see also Liu v. Runyan*, 46 F. App'x 253, 254 (6th Cir. 2002) (affirming dismissal of Section 1983 action for lack of subject-matter jurisdiction where plaintiff "did not allege that [the defendant] was a state actor"); *Cudejko v. Goldstein*, 22 F. App'x 484, 485 (6th Cir. 2001) (affirming dismissal of Section 1983 action for lack of subject-matter jurisdiction because state court criminal defendant's private attorney was not state actor).  Because Defendant was not acting under color of state law, Plaintiff's Section 1983 claim is properly dismissed under *Apple*.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint (ECF No. 1) be dismissed for lack of subject matter jurisdiction as set forth in *Apple*.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: April 8, 2025

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge